22 C. C. P. A. (Patents)

## In re LINDGREN.

### Patent Appeal No. 3477.

Court of Customs and Patent Appeals.
May 27, 1935.

Busser & Harding, of Philadelphia, Pa. (Frank S. Busser and George J. Harding, both of Philadelphia, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant here appeals from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner in rejecting all the claims, numbered 4 to 7, inclusive, of appellant's application for a patent relating to a process of separating paraffins from paraffin-containing liquid hydrocarbons. Claim 5 is illustrative, and reads: "5. The process of separating paraffins from paraffin-containing liquid hydrocarbons which comprises cooling a mixture thereof to a temperature adapted to precipitate paraffins which are relatively hard and have relatively high melting and pour points, then subjecting the mixture to centrifugal force and thereby effecting a separation of precipitated hard paraffins from paraffin-containing liquid hydrocarbons while simultaneously subjecting the hard paraffins to a mechanical action adapted to facilitate their expulsion from the locus of centrifugal force, then cooling the partly de-paraffined liquid hydrocarbons to a lower temperature sufficient to precipitate soft paraffins having relatively low melting and pour points, and then subjecting the partly de-paraffined and further cooled liquid hydrocarbons to centrifugal force to effect a separation of soft paraffins from the liquid hydrocarbons while simultaneously discharging such separated soft paraffins through openings in the peripheral portion of the separating chamber by the liquid pressure within the bowl."

The references relied upon are: British patent No. 225,535, of 1924; British patent No. 296,805, of 1928.

Various kinds of paraffins are separated by applicant's method, ranging from the soft and amorphous grades of grease to a hard crystalline paraffin.

Claims 5 and 7 involve steps not found in claims 4 and 6, and their patentability is here urged with more persistence than is true with reference to claims 4 and 6. If claims 5 and 7 were properly rejected, it is obvious that the rejection of claims 4 and 6 was not erroneous.

The method set out in claim 5 comprises the steps: First, cooling the mixture to a temperature adapted to precipitate certain paraffins; second, subjecting the mixture to centrifugal force while at the same time subjecting the hard paraffins to certain mechanical action; third, cooling the residue to a lower temperature; fourth, subjecting the material to centrifugal force to effect a further separation while simultaneously discharging such separated soft paraffins through openings in the peripheral portion of the separating chamber by the liquid pressure within the bowl.

The Board describes the above process in the following language: "* * * In this second species the solvent bath is first cooled slightly to throw out the heavier or harder paraffins which are then separated and then cooled further to throw out the lighter paraffins. Each species includes as an essential feature a centrifugal separating step for separating the heavier paraffins followed by a second centrifugal separation for the separation of the lighter grades of paraffins from the oil. Further, applicant provides distinct mechanical means or as stated in terms of the process, employs mechanical action adapted to facilitate the removal of the respective grades of paraffins during the centrifugal treatment in each case. Since the heavier or harder paraffins separate easier than the softer or lighter ones, relatively lower centrifugal speeds may be used for the separation of the first grade than are used for the separation of the second grade."

The British patent No. 225,535 relates to a method of separating paraffins from a liquid mass of hydrocarbons by cooling the mass until all separable paraffins are thrown out and then separating the heavier paraffins either by allowing them to settle by gravity separation or by centrifugal force. The patent states that, in case a centrifugal machine is used, the heavier paraffins may be discharged through outgoing channels which lead from the periphery of the bowl. In this patent, as in appellant's application, a liquid solvent may be added at this stage of the process for the purpose of dilution. Appellant teaches the use of liquid solvents of low specific gravity such as benzine, naphtha, gasoline, or benzol. This dilution is not an element of the claims.

Said British patent No. 225,535 is cited by the Patent Office tribunals for the purpose of showing that it is old in the art of separating paraffins from the colloidal mass of liquid hydrocarbons to use a centrifugal separating machine with the aid of light hydrocarbons to increase the gravity ratio between the liquid and the lighter paraffins.

The British patent No. 296,805 discloses and claims a definite mechanical means or action for carrying separated paraffins out of the machine whether light or heavy. This patent also contains the following language: "It is possible to carry out the process in different stages, first chilling to a temperature at which a certain class of paraffins are precipitated and carrying out a first separation; and then chilling again to a lower temperature at which a further quantity of paraffins are precipitated and carrying out a second separation and so on. * * *"

Some of the claims at bar call for utilizing lower speeds for the first separating process and higher speeds for the second process.

In rejecting the claims, the Board of Appeals used the following language:

"* * * It is our opinion that the conception of running the separator at low or higher speeds, that are suitable for the particular materials being separated is without patentable merit in this relation. It is believed to be within the skill of those operating centrifugal separators. The same is considered true of cooling successively first lightly and then to lower temperature to accomplish separation first of heavier paraffins and subsequently of the lighter paraffins.

"It is found however that this step of fractional cooling in different stages of the process of separating paraffins is fully disclosed in British patent, No. 296,805. That patent also discloses and claims a definite mechanical means or action for carrying separated paraffins out of the machine whether light or heavy. The British patent No. 296,805 is in the name of the assignee of this application. It was filed June 7, 1927, more than 12 months before the filing date of this application and published October 31, 1928. The disclosure in this British patent is therefore regarded as a bar in respect to the same features claimed in this application.

"The features of the claims are therefore regarded as anticipated by these British patents with the exception of relatively low and higher speeds of the centrifugal separator at the respective stages of the process. This difference is not regarded as being beyond the skill of those engaged in the centrifugal separator arts or as producing any new result in this relation. It is not believed to constitute patentable difference over the citations."

Appellant here contends that the Solicitor for the Patent Office and the Board of Appeals were in error in stating that the prior art taught the removal of the wax in two stages, and states that it did not teach the two stages employed by appellant, inasmuch as there was, after the first

operation, no second chilling of the remaining material of the character taught by the appellant. As is shown by the above quotation, the British patent No. 296,805 shows a second chilling, at a lower temperature, for the purpose of precipitating and carrying out a further quantity of paraffins.

We see no merit in appellant's contention that his method is patentable over the British method, for the reason that "the second cooling shall be to the degree required to precipitate the wax that *can* be separated in an ordinary high speed centrifuge." (Italics quoted.) No definite degree of chilling either in the first or second operation is taught by the appellant, and certainly no definite temperature is shown to be critical in either operation.

We do not think that appellant has disclosed any invention over the references cited, and we agree with the Board that the Examiner properly rejected the claims.

The decision of the Board of Appeals is affirmed.

Affirmed.